(No. 31620.—

THE CITY OF NAMEOKI, Appellant, *vs.* THE CITY OF GRANITE CITY, Appellee.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

34

Simpson, C. J., took no part.

Harry Faulkner, and George H. Muelder, both of Granite City, and Jesse R. Brown, of Edwardsville, for appellant.

Fred P. Schuman, John G. Dufner, Wesley Lueders, and Randall Robertson, all of Granite City, for appellee.

Mr. Justice Crampton delivered the opinion of the court:

The city of Nameoki filed this suit in the circuit court of Madison County against the city of Granite City, praying for an injunction restraining defendant and its officers from assuming jurisdiction over plaintiff's property, affairs and government. A motion to dismiss, filed by defendant, was sustained by the court, and the suit was dismissed. Plaintiff appeals directly to this court on the ground that a franchise is involved.

The facts alleged in the complaint and admitted by the motion show that plaintiff and defendant are adjoining cities situated in Madison County. They have populations of 5,000 and 32,000, respectively, and each operates under an aldermanic form of government. Pursuant to a petition by legal voters requesting the council to "accomplish the annexation of the City of Nameoki, Illinois to the City of Granite City, Illinois," the Nameoki city council passed an ordinance entitled "An ordinance providing for the annexation of the cities of Nameoki and Granite City, Illinois, into one municipality." It set forth the petition in full, recited a resolution of the city council to follow the procedure as provided in section 7-12 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1949, chap. 24, par. 7-12,) and, after quoting the terms of the statute, proceeded to call an election "to determine whether the City of Nameoki shall be consolidated with the City of Granite City into one municipality under the general law." A similar petition was presented to defendant's council, which also adopted an annexation ordinance. The ordinance is entitled "An Ordinance Providing for the Annexation of the City of Nameoki to the City of Granite City, Illinois." It recites that the city council is resolved to annex the city of Nameoki to the city of Granite City and follow the procedure as provided in section 7-12 of the statute. The terms of the ordinance further provide that "The City of Nameoki, Illinois Be and the Same Is Hereby Annexed To The City of Granite City, Illinois" and that "a special election is hereby called for Wednesday, November 16, 1949, to determine whether the City of Nameoki shall be annexed to the City of Granite City as provided in Chapter 24, Sec. 7-12 of the Illinois Revised Statutes."

The complaint then alleges that an election was held in each city on the proposition, as stated in the ballot: "Shall the municipality of Nameoki and the municipality of Granite City be annexed to each other;" that a majority in each

election approved the annexation; and that defendant city thereafter claimed plaintiff's funds and attempted to usurp the functions and franchises of the plaintiff.

Two questions are presented by this appeal: (1) whether a court of equity has jurisdiction to grant injunctive relief in the present case, or whether *quo warranto* is the exclusive remedy, and (2) whether the ordinances comply with the requirements of the statute. As to the first question, defendant contends the decree of the circuit court must be upheld on the ground that there is no jurisdiction in equity to test the validity of annexation proceedings. The rule urged does not apply under the circumstances of the case at bar. In its complaint plaintiff alleges an unlawful interference with its property rights as well as facts upon which it seeks to nullify the election and the annexation proceedings. While a court of equity will not take jurisdiction merely to determine the legality of an election, it will exercise its jurisdiction to protect property rights from unlawful interference although the determination of the question whether the interference is unlawful depends upon whether annexation proceedings are void. *Morgan Park* v. *City of Chicago,* 255 Ill. 190; *Village of East Springfield* v. *City of Springfield,* 238 Ill. 534.

The question remains whether the annexation proceedings are invalid because of the alleged deficiencies in the ordinances. Plaintiff contends the ordinances are void because they are inconsistent with each other and because they fail to specify the terms under which the annexation should be consummated. In support of this position it is pointed out that plaintiff's ordinance provides that the election be called to determine whether Nameoki "shall be consolidated with" Granite City, whereas defendant's ordinance provides that the election be called to determine whether Nameoki "shall be annexed to" Granite City. Plaintiff then argues that from the terms of the ordinances and the form of the ballot it cannot be determined which of the two

cities was to "take over" the other, or how they were to be operated after the election. While the enacting provisions of the Nameoki ordinance could have been more explicit, we think the intent of the council can be ascertained from a consideration of the ordinance as a whole. In construing an ordinance the same rules are applied as those which govern the construction of statutes. As in the case of statutes, the primary object is to ascertain and give effect to the intention of the law-making body, and if such intent is disclosed by the provisions of the ordinance or statute it will prevail without resort to other aids for construction. (*Illinois Bell Telephone· Co.* v. *Fox,* 402 Ill. 617.) The introductory paragraphs of the Nameoki ordinance recite the petition that the city council "take such steps as may be necessary under the laws of the State of Illinois, to accomplish the annexation of the City of Nameoki, Illinois, to the City of Granite City, Illinois." The subsequent provision, calling an election on the question of "consolidation" of the two cities, when read in connection with the recited petition, sufficiently discloses the intention that Nameoki be annexed to Granite City.

Plaintiff next urges that neither ordinance specifies the terms of the annexation, as required by statute, and that the entire proceeding is, therefore, void. Section 7-12 of the Revised Cities and Villages Act is entitled "Annexation of a whole municipality by ordinance." It provides, in so far as it is relevant, that "Any municipality may be annexed to another municipality to which it adjoins, by ordinances * * *. These ordinances shall specify the terms of the annexation, and they shall be a binding contract if, but only if" the annexation is submitted to vote in each municipality and is approved by a majority of those voting in each. (Ill. Rev. Stat. 1949, chap. 24; par. 7-12.) Defendant does not deny that the ordinances fail to set forth any terms other than the provisions to the effect that Granite City shall be the annexing municipality

and Nameoki the annexed municipality. It contends, however, that such failure does not invalidate the proceeding but merely leaves the other terms of the annexation to be governed by subsequent sections of the act, ·which prescribe various conditions which apply where an entire municipality is annexed to another municipality. We think this is the proper construction of the section. If it were required that all legal effects of the annexation be set forth in detail, the validity of each proceeding would depend upon whether the prescribed terms were sufficiently comprehensive. Under the construction urged by plaintiff, ordinances would be void which set forth only some of the terms required to meet the problems arising from the annexation and to govern the functions of the municipality as thus enlarged. This interpretation of the statute would render its requirements uncertain and vague, and is to be avoided unless plainly shown to have been the intention of the legislature. Such intention is not disclosed by the language of the act when viewed as a whole.

Subsequent sections of article 7 set forth various terms and conditions which apply where one municipality is annexed to another. Thus section 7-16 relates to appropriations made by the annexed municipality, section 7-17 concerns the collection of taxes and special assessments; section 7-18 concerns suits pending at the time of the annexation; section 7-19 designates the method whereby public records and documents of the annexed city shall be transferred; section 7-20 relates to the transfer of firemen and policemen; section 7-35 applies to construction of sewers and drainage systems; section 7-37 governs the unexpired terms and the jurisdiction of justices of the peace and police magistrates in the annexed municipality; section 7-38 relates to existing ordinances regulating or prohibiting sales of alcoholic liquor; and section 7-39 provides that officers of the annexed municipality shall cease to exercise power

and that the authority of the officers of the annexing municipality shall extend over the territory annexed immediately upon annexation.

Plaintiff insists that these provisions apply only where the annexation is made under section 7-13. That section is entitled "Annexation of whole municipality by petition," and prescribes the procedure whereby one municipality may be annexed to an adjoining municipality by petition signed by a certain number of its electors and filed in the county court of the county wherein the annexing municipality is situated. Under this method the county clerk gives notice of the election, and, as under the method prescribed by section 7-12, the annexation is complete when a majority of electors voting in each municipality vote in its favor. Under the latter method no discretion as to the terms of annexation is vested in the municipal authorities, whereas in a proceeding under section 7-12 they have such authority. It is clear, therefore, that the subsequent sections to which we have referred apply primarily to annexations effected under the method of section 7-13. But this does not preclude their application to annexations made pursuant to section 7-12, when the municipal authorities have not included provisions for all the consequences of the annexation. By providing that Nameoki shall be annexed to Granite City the ordinances specified terms sufficient to sustain their validity. Other terms and conditions governing the details of the annexation, when undesignated in the ordinances under section 7-12, are thereby left to the general law applicable to annexations of entire municipalities.

That this is the proper interpretation of the requirements of section 7-12 is evident from the failure of the legislature to expressly confine the application of subsequent sections to proceedings under section 7-13. Each of those sections mentioned applies to the annexation of a whole municipality to another municipality, without limitation as

to the method whereby the annexation is made. By contrast section 7-15, relating to the disposition of debts and property of the annexed municipality, is expressly made applicable to annexations "under sections 7-13 and 7-14." If the legislature had intended other statutory terms and conditions to be similarly inapplicable to annexations under section 7-12, regardless of the absence of terms in the ordinances covering the particular subject, it would have so provided.

We conclude, therefore that the ordinances are valid and effective to sustain the annexation, and that the circuit court was correct in dismissing the complaint. The decree will be affirmed.

*Decree affirmed.*

ON REHEARING: Plaintiff insists we have overlooked the question relating to the form of ballot, and maintains that the form used was not appropriate for submitting the issue whether one municipality shall be annexed to another. The ballot was in the form prescribed by section 12, under the provisions of which the proceedings were expressly instituted. The position is untenable that section 12, and the form of ballot required thereby, are restricted to annexations of municipalities "to each other." In prescribing the procedure whereby "Any municipality may be annexed to another municipality to which it adjoins," section 12 is expressly made applicable to such annexations, and no discretion is vested in the municipal authorities as to the form of ballot to be used. Rehearing is denied.

Mr. CHIEF JUSTICE SIMPSON took no part in the consideration or decision of this case.