The People *ex rel.* James B. Cotter, Relator-Appellee, *v.* James B. Conlisk, Jr., Superintendent of Police of the City of Chicago, *et al.,* Respondents-Appellants.

(No. 57977; )

First District (4th Division)—January 23, 1974.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel), for appellants.

Martin D. Coghlan, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The relator, James B. Cotter, brought this complaint in mandamus against James B. Conlisk, Jr., Superintendent of Police of the City of Chicago; David Stahl, Comptroller of the City of Chicago; and Joseph G. Bertrand, Treasurer of the City of Chicago, to recover salary for the period of September 17, 1971, to March 20, 1972, a period beginning 30 days after his suspension and extending to his notification of discharge from his position with the Chicago Police Department. After trial, the Circuit Court directed the respondents to pay Cotter his salary for the period in question.

The issues for review are whether the Superintendent of Police of the City of Chicago may suspend an officer for a period of more than 30 days without pay pending his dismissal from the Department, and whether the trial court abused its discretion in denying the respondents' claim to the defense of laches.

On August 17, 1971, the relator was indefinitely suspended by the Superintendent of Police pending a hearing and disposition of charges. He was charged with accepting a bribe, soliciting a bribe, failing to inventory property, bringing discredit upon the Department, and failing to obey an order. The matter was heard on December 2, 1971, and on March 15, 1972, the full police board reviewed the transcript of the hearing, found the relator guilty of the charges against him and ordered

his immediate discharge. The relator received notification of his discharge on March 20, 1972.

Cotter's complaint in mandamus was filed March 23, 1972. He prayed that the respondents be directed to pay to him salary for the period from September 17, 1971, a period 30 days after the beginning of his suspension, to March 20, 1972. The respondents answered that he was not entitled to salary for the period of his suspension and they had no obligation to pay him.

The relevant portions of section 10—1—18.1 of the Cities and Villages Act (Ill. Rev. Stat. 1969, ch. 24, § 10—1—18.1) relied upon by the relator provides:

> "* * * no officer or employee of the police department * * * may be removed or discharged, or suspended for more than 30 days except for cause upon written charges and after an opportunity to be heard in his own defense by the Police Board. * * *
>
> Upon the filing of charges for which removal or discharge, or suspension of more than 30 days is recommended a hearing before the Police Board shall be held.
> * * *
> Nothing in this Section limits the power of the superintendent to suspend a subordinate for a reasonable period, not exceeding 30 days."

The relator contends that the language of the statute requires that he may not be suspended without pay for more than 30 days while waiting for the disposition of the charges filed against him.

Such an interpretation could not have been intended by the Legislature. To do so would require the police department to either continue someone on the job who was of doubtful character or competence, or suspend the man and continue paying him for not working. In the case of *Clark v. Morris* (1968), 99 Ill.App.2d 24, 31, the court stated:

> "* * * it would be incongruous to conclude that the Legislature would provide a form of discipline which would propel this Court into conferring that which many individuals might deem a happy boon and a favor, i.e., pay without work. The status of being 'without pay' is an incident of suspension."

Similarly, it would be incongruous in the instant case for a police officer under charges for taking advantage of his office to be paid while waiting to be officially discharged.

The statute provides for procedural protection against arbitrary action by the Superintendent in the form of a hearing and review by the police board; it does not mandate the payment of salary to one who is under charges with a recommendation of dismissal.

If the police board finds a dismissal is unwarranted, then an officer is entitled to back pay because he was wrongfully deprived of his right to work. But one whose dismissal is affirmed by the police board can have no such claim.

We do not agree with the case of *Brewton v. Civil Service Com.* (1969), 115 Ill.App.2d 460, cited by the relator, and hold that one who has been suspended pending dismissal has no right to a salary unless his discharge is found to be unwarranted.

Because of our holding in this matter, we need not consider the second of the respondents' contentions. For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

ADESKO, P. J., and JOHNSON, J., concur.