MORRIS BROMBERG, Plaintiff-Appellee, *v.* ROBERT WHITLER, Defendant-Appellant.

First District (1st Division)   No. 77-1405

Opinion filed December 27, 1977.—Modified on denial of rehearing February 28, 1978.

William J. Scott, Attorney General, of Chicago (Terry Troy, Assistant Attorney General, of counsel), for appellant.

Edward M. Burke and Michael T. Healy, both of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

The defendant, Robert Whitler, Director of the Illinois Department of Revenue, appeals from the order of a preliminary injunction granted to plaintiff, Morris Bromberg, pursuant to Supreme Court Rule 307. (58 Ill. 2d R. 307.) The preliminary injunction prohibits the defendant from removing plaintiff from his departmental payroll until the Civil Service Commission reviews plaintiff's discharge from his employment. Defendant argues that the order was improperly entered because (1) plaintiff has not made a prima facie showing of a right to a preliminary injunction, and (2) plaintiff's complaint and the order itself are insufficient as a matter of law to sustain the preliminary injunction.

Plaintiff, Morris Bromberg, was hired by the Department of Revenue of the State of Illinois (Department) on or about July 1, 1969, for the classified civil service position of Technical Advisor IV. His assigned duties were to represent the Department in court as an attorney in various proceedings in which the Department was, or sought to become, a party. A written job description of his position, prepared June 24, 1969, states that the employee, as assigned to the Attorney General's office in Chicago under the working title "assistant Attorney General," "represents the Department of Revenue in Cook County and Northern Illinois in highly complex and technical litigation proceedings * * *." A job description prepared in July of 1971 states that the representation of the Department by the employee is "[s]ubject to the approval of the Attorney General."

On July 14, 1977, William J. Scott, Attorney General of the State of Illinois, wrote to plaintiff's supervisor to advise that plaintiff's appointment as an assistant Attorney General had been withdrawn. On August 16, 1977, plaintiff was served with a notice signed by defendant Whitler stating that plaintiff was suspended from his employment pending his discharge as of August 18, 1977. The notice gave the following grounds for the action:

> "Reason for Suspension: Mr. Bromberg is being discharged from his position as Technical Advisor IV in view of the fact that he can no longer serve as a Special Assistant Attorney General. The office of the Attorney General has withdrawn authorization of Mr. Bromberg to serve as a Special Assistant Attorney General. As such authorization is a condition for serving in this position, Mr. Bromberg is unable to perform the duties and responsibilities for which he was employed."

On August 17, 1977, plaintiff filed a petition for a temporary restraining order to prevent defendant from taking any action to suspend or discharge plaintiff from his position as an employee of the Department. A hearing was held on that date, at which time defendant was represented by an assistant Attorney General, and arguments were heard. The court entered a temporary restraining order "restraining defendant Whitler from removing plaintiff Bromberg from the payroll or otherwise causing the loss of fringe benefits incidental thereto" until a hearing was held on the issuance of a preliminary injunction. The order further stated that it was "not to be construed so as to require defendant to allow plaintiff to perform the duties and responsibilities of plaintiff's position with the Department of Revenue or otherwise prevent the administrative process from proceeding in accordance with the law."

Defendant thereafter filed an answer, plaintiff filed a reply in response, and a hearing on the issuance of a preliminary injunction was held on August 29, 1977. Plaintiff testified that he was a 67 year old lawyer, licensed to practice law in Illinois for 45 years, and employed by the Department for eight years. He identified the notice of suspension pending discharge given to him on August 16, 1977, and testified that the notice did not bear the signature of the Director of the Illinois Department of Personnel. He identified a document which purported to list the specifications for the position of Technical Advisor IV, issued by the Department of Personnel, and testified that nowhere in that document is it stated that the employee must be an assistant Attorney General. Plaintiff's employment records · were introduced without objection. Plaintiff stated that he had no source of income other than his salary from the State.

On cross-examination, plaintiff admitted that he regularly in the course of his duties referred to himself as an assistant Attorney General, specifically while in court, in correspondence, and in internal memoranda of the Department. Defendant introduced into evidence the job descriptions of June 1969 and July 1971, which specifically required the Technical Advisor IV of the Department of Revenue to be an assistant Attorney General. Plaintiff's supervisor testified for the defense that plaintiff held himself out to the witness and to other employees of the Department as an assistant Attorney General.

After arguments, the court entered the preliminary injunction which is the subject of this appeal. The order recited that plaintiff would suffer irreparable harm if the injunction did not issue and ordered that "plaintiff be retained on the payroll of the [Department] of Revenue until such time as the Civil Service Commission renders its final decision in the matter of the discharge hearing of the plaintiff, that the position held by plaintiff not be abolished by defendant pending the decision of the Civil Service

[Commission]" and that the writ issue immediately and without bond.

■■ Defendant argues that plaintiff did not establish his right to a preliminary injunction. For a preliminary injunction to issue, a plaintiff must establish (1) that he possesses a certain and clearly ascertained right which needs protection (*Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394); (2) that he will suffer irreparable injury without the protection of the injunction (*Knuppel v. Adams* (1973), 12 Ill. App. 3d 708, 298 N.E.2d 767); (3) that there is no adequate remedy at law for his injury (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252); and (4) that plaintiff is likely to be successful on the merits (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65—B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36).

Under the statutory scheme governing suspension and termination of civil service employees of the State of Illinois, the employer initiates a discharge by serving the employee with a notice of suspension pending discharge. The employee then has a right to a hearing on his discharge, upon application to the Civil Service Commission within 15 days of receipt of his notice, but his pay and benefits terminate on the effective date of the suspension. If the Commission either does not grant a hearing within 30 days, or concludes after the hearing that the employee's discharge was improper, the employee is reinstated and is entitled to back pay and benefits for the time he was suspended. Ill. Rev. Stat. 1975, ch. 127, par. 63b111.

After his Civil Service Commission hearing, the aggrieved former employee has the right to a review of the Commission's decision by a circuit court according to the provisions of the Administrative Review Act. Ill. Rev. Stat. 1975, ch. 127, par. 63b111a.

Plaintiff's principal claim below was that, because he is an attorney, he cannot be suspended or discharged without a hearing being conducted before such action is taken by the employer. He claimed that, as a member of a profession, his reputation is of the utmost importance in determining whether or not he will be re-employed. Therefore, judicial intervention was necessary to protect his right to a good reputation.

■■ The first question presented, which is dispositive of this appeal, is whether this right claimed by plaintiff is entitled to judicial protection, in disregard of the statutory scheme which provides due process to civil service employees who are sought to be terminated. This right cannot be a property right, because public employees have no property interest in their continued employment. (*Levin v. Civil Service Com.* (1972), 52 Ill. 2d 516, 521, 288 N.E.2d 97, 100.) An incumbent assistant Attorney General has no due process rights to his position (*Jafree v. Scott* (N.D. Ill. 1974), 372 F. Supp. 264, *affirmed in part, reversed and remanded on other grounds*, 519 F.2d 1405 (7th Cir. 1975)); it therefore follows that an

employee of the Department of Revenue whose job requires him to be an assistant Attorney General in order to represent the Department in court has no property right to his position.

A person's liberty is also entitled to due process protection, and the good reputation of a person engaged in a profession may be such a liberty which deserves protection. Plaintiff cites *Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701, for this principle. Roth was a nontenured teacher at a State university who was not rehired after his first year of employment. No reasons were given for the decision not to offer him a new contract and none were required by State law. Roth sued, claiming that his right to due process of law had been violated by the university's failure to give him a reason for his nonretention and a hearing before his termination. The Supreme Court reversed the decisions of the district court and the circuit court in Roth's favor. The court had held in *Wisconsin v. Constantineau* (1971), 400 U.S. 433, 437, 27 L. Ed. 2d 515, 519, 91 S. Ct. 507, 510, that "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." But the court found that Roth's interests in liberty were not implicated in his termination because the State had made no charge against him that "might seriously damage his standing and associations in his community." Because no such charge was made, no imposition was made by the State upon Roth of a "stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." 408 U.S. 564, 573, 33 L. Ed. 2d 548, 559, 92 S. Ct. 2701, 2707.

■■ In the case at bar, plaintiff was told that he would be terminated because his appointment as an assistant Attorney General had been withdrawn. We find that this reason did not and could not deprive him of his liberty interest in his "good name, honor or integrity."

■■ Since plaintiff was deprived of neither a property interest nor a liberty interest by defendant's actions or the statutory scheme, the court erred in granting the preliminary injunction because plaintiff had no certain and clearly ascertained right which deserved protection. (*Schwalm Electronics.*) Furthermore, the injunction provides no relief from plaintiff's claimed deprivation of rights. It requires defendant to maintain plaintiff on the payroll of the Department until the administrative proceedings are concluded, and plaintiff is not required to do any work for the Department during this period. This provides no protection for plaintiff's good name and reputation; the remedy provided by the preliminary injunction is purely economic, and we conclude that plaintiff had an adequate remedy at law for his complaint provided by the back pay provisions of the Personnel Code. Ill. Rev. Stat. 1975, ch. 127, par. 63b111.

■■ Plaintiff's alternate claim below that the notice served upon him was technically deficient, while an appropriate claim before the Civil Service Commission, does not rise to the level of a due process violation entitling him to prehearing injunctive relief. Plaintiff has not exhausted his administrative remedies on this issue. *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.

On October 17, 1977, defendant moved this court for a stay of the injunction herein. That motion was denied. On November 22, 1977, defendant moved for reconsideration of said order. This motion was taken with the case. In accordance with the foregoing opinion, the denial of the stay is vacated and the force and effect of the injunction order appealed from is hereby stayed pending issuance of the mandate of this court.

We wish to stress the fact that the result above reached is limited to the narrow question presented by the record before us which concerns solely the merits of the preliminary injunction. Nothing in our opinion, therefore, has any bearing on the result which may be reached by any administrative body concerning the merits of plaintiff's employment.

The order granting the preliminary injunction is therefore reversed and the cause is remanded for further proceedings.

Reversed and remanded with directions.

GOLDBERG, P. J., and McGLOON, J., concur.