JAN van BLOMMESTEYN, Plaintiff-Appellee, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES *et al.*, Defendants-Appellants.

Fourth District    No. 4—87—0483

Opinion filed December 30, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellants.

John L. Swartz and Carol J. Hansen Fines, both of Giffin, Winning, Lindner, Cohen & Bodewes, P.C., of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Prior to April 1986, plaintiff Jan van Blommesteyn was employed by defendant Department of Children and Family Services (Department) as chief of its office of personnel and labor relations. On July 17, 1986, defendant Civil Service Commission (Commission) ruled that the Department had established cause for plaintiff's discharge. Plaintiff subsequently filed in the circuit court an action for administrative review of the Commission's decision. On June 19, 1987, the circuit court reversed the Commission's decision and ordered plaintiff reinstated on the basis of purported procedural irregularities in the manner in which plaintiff was suspended from his job and then dismissed. The Department appeals the circuit court order.

The evidence presented at the hearing before the Commission's hearing officer established that plaintiff ordered his subordinates to process an improper retroactive adjustment to his salary and subsequently deposited a State payroll warrant, the gross amount of which included the amount of the improper adjustment, in a bank account. The Commission held that the evidence was sufficient to sustain the Department's charges of misconduct, and plaintiff does not contend that that portion of the Commission's decision is erroneous. Rather, plaintiff asserts that the Department violated applicable procedural

rules and statutes during the course of the events which culminated in his dismissal.

On January 10, 1986, the Department placed plaintiff on administrative leave. That action was, however, almost immediately rescinded, and plaintiff returned to work on January 13. On January 27, plaintiff was presented with a copy of written charges of misconduct, to which he submitted a response on February 10. On the following day, the Department suspended plaintiff pending discharge. The suspension terminated on March 13, 1986. The evidence was undisputed that on that date, the Department's director handed plaintiff a discharge notice and a copy of charges against him but told him that he could "tear this up." The notice of discharge which was handed plaintiff on March 13 bore a typewritten effective date of March 13, 1986. On March 19 or 20, plaintiff received by certified mail a notice of discharge and a copy of the charges against him. On the copy of the notice of discharge which plaintiff received by certified mail, the original typewritten effective date for the discharge of March 13, 1986, was crossed out and replaced by a handwritten date of March 18, 1986. This change was initialed.

Pursuant to a written request submitted by plaintiff on March 21, 1986, a hearing before a Civil Service Commission hearing officer was scheduled for April 15, 1986. Plaintiff subsequently consented to defendants' request that the hearing be rescheduled for April 28, 1986.

Following the hearing, the Commission's hearing officer ruled that in dealing with plaintiff's misconduct, the Department violated the following portion of the Illinois Administrative Code:

> "Discharge of Certified Employee
>
> The agency head or his/her designee may initiate discharge of a certified employee by filing written charges for discharge with the Director in the form and manner prescribed by the Director. Written charges shall be signed by the head of the agency, and shall contain a clear and concise statement of facts showing good cause for discharge, and shall be accompanied by a copy of the employee's performance records. No discharge of a certified employee shall be effective without the approval of the written charges for discharge by the Director." (80 Ill. Adm. Code 302.720 (1985).)

The hearing officer held, however, that this violation did not require dismissal of the charges against plaintiff. Instead, the hearing officer ruled that the Department's failure to fully comply with the applicable rules during the period preceding plaintiff's dismissal could be reme-

died by plaintiff's being paid his salary for the period between the expiration of his suspension and the service upon him of notice of discharge. The hearing officer concluded that plaintiff's misconduct warranted his dismissal, but that plaintiff should receive his salary for the period between the expiration of his 30-day suspension and the service upon him of the notice of discharge. In a decision entered July 17, 1986, the Commission adopted the hearing officer's decision.

On administrative review, the circuit court apparently concluded that but for procedural irregularities, plaintiff's discharge would have been proper. As the basis for its reversal of the Commission's decision and its order that plaintiff be reinstated, the circuit court stated that plaintiff's discharge "was defective and in violation of the provisions of the Illinois Personnel Code" and that "[t]he remedy for the defective discharge proposed by the Commission is inadequate." The circuit court ordered plaintiff "reinstated in accordance with the provisions of the Personnel Code and the rules promulgated thereunder."

On appeal to this court, the arguments of the parties focus on section 11 of the Personnel Code, which provides in pertinent part:

"No officer or employee *** shall be removed, discharged or demoted, or be suspended for a period of more than 30 days, in any 12 month period, except for cause, upon written charges approved by the Directors of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him. Upon the filing of such a request for a hearing, the Commission shall grant a hearing within 30 days. *** The finding and decision of the Commission, or the approval by the Commission of the finding and decision of the officer or board appointed by it to conduct such investigation, shall be rendered within 60 days after the receipt of the transcript of the proceedings. If the finding and decision is not rendered within 60 days after receipt of the transcript of the proceedings, the employee shall be considered to be reinstated and shall receive full compensation for the period for which he was suspended. The finding and decision of the Commission or officer or board appointed by it to conduct investigation, when approved by the Commission, shall be certified to the Director, and shall be forthwith enforced by the Director. In making its finding and decision, or in approving the finding and decision of some officer or board appointed by it to conduct such investigation, the Civil Service Commission may, for disciplinary purposes, suspend an employee for a period of time not to exceed

90 days, and in no event to exceed a period of 120 days, from the date of any suspension of such employee, pending investigation of such charges. If the Commission certifies a decision that an officer or employee is to be retained in his position and if it does not order a suspension for disciplinary purposes, the officer or employee shall receive full compensation for any period during which he was suspended pending the investigation of the charges.

Nothing in this Section shall limit the authority to suspend an employee for a reasonable period not exceeding 30 days, in any 12 month period." Ill. Rev. Stat. 1985, ch. 127, par. 63b111.

The gravamen of the plaintiff's argument in support of the circuit court's decision is succinctly stated in the following two paragraphs of his brief:

"The service of discharge papers 37 days after a notice of. suspension does not comply with the Personnel Code. (Ill. Rev. Stat. 1985, ch. 127, par. 63b111.) A suspension pending discharge expires after 30 days. When that period expired without [plaintiff's] having been properly notified of discharge in accordance with the statute and rule, i.e., by certified mail, he was entitled to return to his work. [Plaintiff] was prevented from doing so, even though the Department Director told him he could 'tear up' the copies of discharge papers [plaintiff] had been shown.

When papers were finally served on [plaintiff], it was clear that the Department had [initially] determined not to approve and effectuate a discharge, but, outside the timeframe permitted by the law, had reconsidered and determined to discharge him."

In support of his position, plaintiff also refers to the following two sections of the Illinois Administrative Code:

"Suspension Pending Decision on Discharge

An operating agency may suspend any employee for up to 30 days pending the decision of the operating agency whether charges for discharge shall be filed against such employee. The agency shall at the time of such suspension provide the employee with written reasons therefor in person or by certified mail, return receipt requested, at the employee's last address appearing in the personnel file. Notice of such suspension must also be filed immediately with the Director. The agency shall thereafter promptly investigate the facts and circumstances

and render its decision. Should the agency determine that the facts and circumstances do not warrant disciplinary suspension or charges for discharge, the employee shall be made whole. Should the agency determine that a disciplinary suspension is appropriate, Section 302.640 or 302.660, as the case may be, shall apply in its entirety. Should the agency determine that discharge of the employee is appropriate, Section 302.720 shall apply in its entirety. Added November 17, 1977." (80 Ill. Adm. Code 302.710 (1985).)

"Discharge of Certified Employee

The agency head or his/her designee may initiate discharge of a certified employee by filing written charges for discharge with the Director in the form and manner prescribed by the Director. Written charges shall be signed by the head of the agency, and shall contain a clear and concise statement of facts showing good cause for discharge, and shall be accompanied by a copy of the employee's performance records. No discharge of a certified employee shall be effective without the approval of the written charges for discharge by the Director." (80 Ill. Adm. Code 302.720 (1985).)

Plaintiff contends the above rules prohibit a State agency from suspending an employee for more than 30 days while determining whether to seek discharge of the employee. Plaintiff asserts that affirmance of the Commission's decision "will emasculate the rule which was designed to protect the employee from interminable liability and uncertainty over claimed misconduct," and will permit the Commission to ignore its own rules.

The defendants contend that the circuit court's decision is erroneous because in this case, the Department did not attempt to convert a disciplinary suspension which was a final sanction for an employee's misconduct into a suspension pending discharge as was done in *Burton v. Civil Service Comm'n* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168, on which plaintiff primarily relies. The defendants also assert that the short delay between the expiration of plaintiff's suspension and the formal service of notice of discharge and written charges of misconduct upon him did not in any way prejudice plaintiff *vis-a-vis* the discharge proceedings. The defendants contend that the Commission's award of back pay is sufficient to rectify any improprieties in plaintiff's being served with notice of discharge and written charges after the expiration of his 30-day suspension.

The above-quoted statute and rules do not specify that a decision to seek discharge of an employee must be made prior to the expira-

tion of a suspension pending a decision whether to seek discharge, and our research has revealed no statutes or rules which so provide. If the legislature or the Commission had considered such a requirement advisable, they could easily have enacted statutes or administrative rules to that effect. (See generally *Haverly v. Boys* (1979), 77 Ill. App. 3d 312, 395 N.E.2d 1005.) Thus cases such as *Brown v. Civil Service Comm'n* (1985), 133 Ill. App. 3d 35, 478 N.E.2d 541, in which a State agency clearly failed to adhere to established rules, are distinguishable from the present case.

■ The plaintiff's argument that service upon him of a discharge notice and charges of misconduct after the expiration of his suspension constituted impermissible reconsideration of a final penalty overlooks the fact that suspensions may be imposed on civil service employees as either final disciplinary sanctions or as a means of expediting the removal of an employee pending a decision whether to seek discharge. These two functions or purposes of suspensions are separate and distinct. (*Burton*, 76 Ill. 2d 522, 394 N.E.2d 1168.) In the present case, the plaintiff was specifically informed that he was suspended pending discharge. Thus, there is no basis for holding that plaintiff's discharge following his suspension represented the impermissible reconsideration of a final disciplinary sanction previously imposed upon him. In this case no final disciplinary sanction other than discharge was imposed. For these reasons, *Burton* and *Messina v. City of Chicago* (1986), 145 Ill. App. 3d 549, 495 N.E.2d 1228, on which plaintiff relies, are inapposite.

Assuming *arguendo* that the Department's suspension of plaintiff pending a decision whether to seek his discharge was somehow improper, improprieties related to a suspension preceding discharge do not taint a subsequent discharge of a civil service employee. (*Holliday v. Civil Service Comm'n* (1984), 121 Ill. App. 3d 763, 460 N.E.2d 358; *Bart v. Department of Law Enforcement, Division of State Police* (1977), 52 Ill. App. 3d 487, 367 N.E.2d 773.) Rather, an award of back pay adequately compensates a civil service employee for an improper suspension. (See *Lee v. Illinois Racing Board Laboratory* (1980), 87 Ill. App. 3d 667, 410 N.E.2d 171; *Haverly*, 77 Ill. App. 3d 312, 395 N.E.2d 1005.) Plaintiff does not argue on appeal that he is entitled to back pay for a period of time longer than that specified in the Commission's decision.

■ The award of back pay to plaintiff for the short period of time between the termination of his suspension pending discharge and the service upon him of notice of discharge and formal charges of misconduct compels us to conclude that plaintiff was treated fairly and equi-

tably with regard to any improprieties in the suspension preceding his discharge. We therefore disagree with plaintiff's argument that the practice followed here has the general effect of leaving civil service employees in a state of interminable uncertainty concerning their job status.

For the above reasons, we hold that the circuit court erred in reversing the Commission's decision and in ordering that plaintiff be reinstated. The decision of the circuit court is reversed insofar as it finds that plaintiff's discharge was defective, insofar as it finds that the Commission's "remedy for *** defective discharge" is inadequate, and insofar as it orders that plaintiff be reinstated. This cause is remanded to the circuit court with directions to enter an order affirming the Civil Service Commission's decision in its entirety.

Affirmed in part; reversed in part and remanded with directions.

LUND and SPITZ, JJ., concur.