Emil Zinser, John Finklein, Frank Hart, Irvin Schmitz, Frank Bader, Floyd Schmitz, John Chouinard, Clarence List, Charles Braun, Earl Ritzheimer, Kenneth Hartman, Raymond Gentsch, Elmer Hoffman, Edward Hock, Norman Schlesinger, Clarence Holcomb, Stanley Schobert, Edwin Klein, and Leland Knapp, Plaintiffs-Appellants, v. Board of Fire and Police Commissioners of the City of Belleville, Illinois, Defendant-Appellee.

Gen. No. 60–O–12.

Fourth District.

January 3, 1961.

Rehearing denied February 20, 1961.

435

Melvin W. Trotier, of East St. Louis, for appellant.

Eugene H. Widman, of Belleville, for appellee.

HOFFMAN, JUSTICE.

This is a case involving the review of an order of the Board of Fire and Police Commissioners of the City of Belleville. Nineteen members of the Fire Depart-

ment of the City of Belleville were found guilty of insubordination and were suspended for a period of 10 days without pay. Written charges had been filed with the Board of Fire and Police Commissioners by the Assistant Chief.

Specifically, the charge of insubordination was based on the failure of the 19 firemen involved to attend a refresher class that had been arranged for December 11, 1958 commencing at 7:15 in the evening. This class was a refresher course on various aspects of firefighting conducted by the National Board of Fire Underwriters. A notice had been posted on the various bulletin boards of the fire stations in the city on December 6, 1958 stating that all off-duty men were to report at the auditorium in the Belleville Township School for this refresher class. The notice was signed by the Assistant Chief of the Fire Department and had been ordered by the Chief who was then in the hospital.

After a full hearing, the Board found the men guilty of "wilfully and knowingly" ignoring the notice and held that this constituted a deliberate violation of the provisions of the fire department manual which provided that the Chief of the Fire Department had control and direction of all members of the fire department, and required that every member of the department should cheerfully conform to all orders, rules and regulations.

Under the provisions of the Administrative Review Act (Ill. Rev. Stat., 1959, chap. 110, par. 264 and following,) an appeal was taken from the order of the Board of Fire and Police Commissioners to the Circuit Court of St. Clair County. The Circuit Court sustained the decision of the Board.

On review, it is contended by the firemen that the record failed to show any legal cause to support the decision of the Board; that the requirement that the

firemen attend the refresher course would violate the provision of the Illinois law pertaining to the number of hours that a fireman can work in a month; that the plaintiffs were not accorded a fair and impartial hearing; and that the decision was against the manifest weight of the evidence.

Section 11 of the Administrative Review Act (Ill. Re. Sta., 1959, chap. 110, par. 274,) provides:

> "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

 Many cases have explained the nature of the reviewing courts' consideration of a decision of an administrative board. The findings of the administrative agency on questions of fact are prima facie correct; they may be reviewed to determine if they are supported by the evidence, but they can be set aside only if they are against the manifest weight of the evidence. Fenyes v. State Employees' Retirement System, 17 Ill.2d 106, 111, 160 N.E.2d 810, 813. When there is evidence to support the findings of the administrative agency, the decision will be affirmed. The fact that a court hearing the case originally might have reached a different conclusion is immaterial, if the order of the administrative agency is not contrary to the manifest weight of the evidence. Adamek v. Civil Service Commission, 17 Ill.App.2d 11, 20, 149 N.E.2d 466, 471. We are thus limited to the determination of whether or not there is evidence to support the findings of the Board and whether the findings of the Board are against the manifest weight of the evidence. Parker v. Department of Registration and Education, 5 Ill.2d 288, 293, 294, 125 N.E.2d 494, 496, 497.

██ Article 14, Section 14–11 of the Revised Cities and Villages Act (Ill. Rev. Stat., 1959, chap. 24, par. 14–11,) provides that no member of the fire depart-

ment of any municipality subject to the article shall be removed or suspended except for cause upon written charges and after an opportunity to be heard in his own defense. A broad discretion is accorded the Board of Fire and Police Commissioners in determining what constitutes a proper cause for suspension, but it is essential to the validity of such suspension that it shall be based upon substantial misconduct or incapacity. Disobedience of a proper order given by a superior officer is such misconduct.

■ Consequently, the first question to determine is whether the notice to attend the refresher course could reasonably be construed as an order which the men had to obey. If it were a matter of discretion or an invitation to a social function, it would hardly be sufficient cause for suspension for a member who deliberately refused to attend. The notice stated:

> "All off duty men are to report to the Belleville Township School Auditorium, Thursday, December 11, 1958 (7:15 P.M.)
>
> A refresher class as a follow up of the regional officer school will be conducted.
>
> Coffee and donuts will be provided again in the cafeteria."

The notice did not appear in the language of a formal order. It is clear, however, that this alone shouldn't be the deciding factor. It is the nature of the activity that is significant. The function which the firemen were told to attend was one of training. The obvious purpose was to make the firemen better able to perform their highly important and necessary duties when an emergency occurred. The serving of coffee and donuts wouldn't change the primary purpose of the evening's program.

Those who are responsible for furnishing a public service must have the necessary power and authority

439

to assure it. An efficient public service requires competently trained personnel as much as it needs adequate equipment. Improvement, review, examination and revision of personnel are as important as refitting of equipment because methods and means are constantly changing. So, those in authority must have the power to insist upon an adequate training program for their personnel, just as they have the duty to have adequate equipment at the ready. Thus, the head of a city police or fire department must have such discretion to carry out programs of training and retraining as are necessary to maintain a high quality of public service. Though this is not an unlimited discretion, we are disinclined to disturb this type of order unless it clearly appears to have been arbitrarily exercised. The record here fails to convince us that the Chief acted arbitrarily when he requested the firemen to attend this training course. Consequently, their refusal to obey was insubordination sufficient to justify the suspension ordered.

It was strongly urged by the plaintiffs that to compel the firemen to attend the refresher course would have violated the provisions of the Illinois statutes pertaining to hours of labor in fire departments. Ill. Rev. Stat., 1959, chap. 24, par. 13–1. This provision of the law prohibits employment of firemen for periods of time which, "in the aggregate in any month," amount to more than 56 hours for each week. It is clear from the record, however, that up to December 11, 1958, the date at which the refresher course was to be held, not one of the firemen had then put in a sufficient number of hours in the month of December which could possibly make a two or three hour additional period at the refresher course a violation of the statute involved. At that time, not one of the firemen knew for certain how many hours he would work for the balance of the month. Had the refresher course

been called for a night after a fireman had already put in his maximum number of hours for the month, a different question might be presented.

■ A review of the entire proceedings fails to convince us that the firemen did not have a fair hearing when the charges were investigated by the Board. Some of the evidence proposed by the plaintiffs and rejected by the Board was clearly incompetent. The firemen had counsel of their choosing. Not one testified in his own defense and it doesn't appear that he wouldn't have been given every consideration had he chosen to give his explanation for his failure to attend the course.

In our judgment the order of the Circuit Court, upholding the action of the Board of Fire and Police Commissioners was correct, and it is accordingly affirmed.

Affirmed.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.