(No. 50660.-

DONALD BURTON, Appellee, v. THE CIVIL SERVICE COMMISSION *et al.*, Appellants.

*Opinion filed September 19, 1979.*

William J. Scott, Attorney General, of Springfield (Rick Allan White, Assistant Attorney General, of Chicago, of counsel), for appellants.

Edward M. Burke, of Chicago (John K. Wheeler, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Donald Burton, a security fraud investigator

with the Department of Revenue (Department), was discharged from his employment for unethical conduct arising out of the acceptance of a $20 gratuity from a taxpayer. Pursuant to section 11 of the Personnel Code (Ill. Rev. Stat. 1975, ch. 127, par. 63b111), a discharge hearing was conducted before a hearing officer appointed by the Civil Service Commission (Commission). The hearing officer recommended that the charges, which would normally warrant discharge, be dismissed because Burton had already received a 10-day suspension for the same charges. The Commission reversed the decision. It concluded that Burton's suspension was levied only for the offense of taking a gratuity and that Burton could be discharged for the separate, subsequent acts of attempting to cause a fellow employee to accept a gratuity and of wilfully providing false information to officials who were investigating the charges.

On administrative review, the circuit court of Cook County reversed, reasoning that the Department's disciplinary actions were akin to a violation of double jeopardy and that the Department should be estopped from enhancing the severity of the original suspension. The appellate court affirmed and held that the Commission's findings were against the manifest weight of the evidence. It also held that the Department lacked the authority to augment a punishment previously imposed upon an employee. (57 Ill. App. 3d 835.) We affirm.

The appellate court opinion extensively details the misconduct which precipitated disciplinary action. It suffices here to observe that a full investigation into Burton's misconduct was concluded by February 13, 1976. The complete investigative report was submitted to the manager of the Department's Investigation Division (manager) and copies relayed to the Department's personnel officer and to the Director of Revenue. The report documented that on January 22, 1976, Burton had

received a $20 gratuity from a taxpayer, that he had passed the gratuity on to a fellow employee, and that, during the course of the investigation, he had wilfully provided false information about the incident. On February 11 or 12, the manager and the personnel officer discussed by telephone what disciplinary action might be taken against Burton. They specifically discussed suspension, suspension pending decision on discharge, and discharge. In an internal memorandum dated February 13, which accompanied the investigative report, the manager recommended to the Director of Revenue that Burton be discharged. The memo characterized Burton's misconduct as the acceptance of a gratuity. The memo made no reference to any separate incidents of misconduct subsequent to the acceptance of the gratuity.

The record includes four personnel forms which chronicle the disciplinary action taken against Burton. The first reveals that, on February 13, the manager served Burton in person with a 10-day suspension effective February 18. The disciplinary action was characterized as a "suspension for less than 30 days [for] accepting a gratuity from a taxpayer." The second indicates that, on February 26, the personnel officer notified Burton by mail of a "Suspension-Pending Discharge." The reason given for this action was:

> "During the course of the suspension immediately prior to this Suspension Pending Discharge, investigation revealed that Mr. Burton violated Department of Revenue policy in that he accepted a gratuity from a taxpayer and attempted to cause another employee to accept same and provided false information to agency staff in an attempt to cover up his wrongdoing."

The third is identical to the second except that it indicates that Burton was notified on March 3 that the suspension pending decision on discharge was modified to run from March 1 through March 18. The final notice states that Burton was discharged for cause effective March 18. The

charges which constituted cause for discharge were characterized as the "two additional improper acts" subsequent to the acceptance of the gratuity. The notice conceded that Burton had already received punishment in the form of a 10-day suspension for accepting a gratuity. All four personnel forms purported to be approved by the Director of Revenue.

A review of the record establishes quite unmistakably that the Department simply erred when it first issued a 10-day suspension, rather than a suspension pending decision on discharge. To enable it to press for the discharge of Burton despite that error, the Department has proceeded from one afterthought to another. It has maintained, variously, that a suspension for less than 30 days is not a final determination and therefore does not preclude subsequent discharge for the same misconduct; that the suspension was, in fact, levied for the limited purpose of removing Burton from office pending a final disciplinary determination; that the full extent of Burton's misconduct was not disclosed until after he was suspended, and that the initial 10-day suspension did not encompass Burton's entire course of misconduct.

State personnel rules provide separately for suspensions totaling less than 30 days in a 12-month period, for suspensions totaling more than 30 days in a 12-month period, and for suspensions pending decision on discharge. A suspension pending decision on discharge may be levied for up to 30 days. Its purpose is to expedite the immediate, but interim, removal of an employee pending a final decision on discharge. The other two forms of suspensions, on the other hand, represent final determinations in a disciplinary matter. The three are distinct disciplinary actions which are not interchangeable. Final disciplinary actions, like other administrative decisions, may be reconsidered, modified or altered only if authorized by statute. (*Pearce Hospital Foundation v. Public Aid*

*Com.* (1958), 15 Ill. 2d 301, 307; *Illini Coach Co. v. Greyhound Lines, Inc.* (1949), 403 Ill. 21.) The legislature has conferred no such power upon the Department. (See Ill. Rev. Stat. 1975, ch. 127, pars. 39b through 39b33.) Consequently, the Department may not convert what is, in all aspects, a final suspension of less than 30 days into an interim suspension pending decision on discharge as a means of enhancing punishment for the same misconduct.

The Department, apparently aware of this limitation as soon as it issued the 10-day suspension, immediately began to characterize Burton's misconduct as a series of separable acts. The forms which notified Burton that he was suspended pending decision on discharge tried to establish that it was not until after Burton was suspended that investigation revealed the full extent of Burton's misconduct. The record reflects that the investigation was completed and the entire course of misconduct known before the 10-day suspension was issued. The subsequent form which notified Burton of his discharge sought to establish that the initial suspension was intended to encompass only the specific act of accepting a gratuity, and not to relate to the two subsequent acts. We have no doubt that the initial suspension, which characterized Burton's misconduct as the acceptance of a gratuity, contemplated the entire course of misconduct as the reason for his suspension. The internal memorandum, which recommended discharge and which was written by the same person who mistakenly authorized the suspension rather than a suspension pending discharge, identified the misconduct in the same abbreviated fashion. Contrary to the Department's persistent efforts to have its documents indicate otherwise, it is evident that both the 10-day suspension and the subsequent discharge related to the same course of misconduct. To allow the Department to divide an employee's unethical conduct into its component parts after it has punished the employee would be to

endow the Department with the power to reconsider its final disciplinary actions.

Accordingly, we agree with the appellate court that the Commission's conclusion, which rejected the findings of its hearing officer, was against the manifest weight of the evidence. The judgment of the appellate court is hereby affirmed.

*Judgment affirmed.*