THE DE WITT COUNTY TAXPAYERS' ASSOCIATION, Plaintiff-Appellant, *v.* THE COUNTY BOARD OF DE WITT COUNTY *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0679

Opinion filed February 3, 1983.

Costigan & Wollrab, of Bloomington, for appellant.

Stephen H. Peters, State's Attorney, of Clinton (Keith E. Emmons, Assistant State's Attorney, of counsel), for appellee County Board of De Witt County.

Lamkin & Lamkin, P.C., of Clinton, for appellee De Witt County Public Building Commission.

JUSTICE MILLER delivered the opinion of the court:

Plaintiff De Witt County Taxpayers' Association filed a complaint in the circuit court of De Witt County seeking both preliminary and permanent injunctive relief against defendants, the De Witt County Board and the De Witt County Public Building Commission, to restrain them from spending public monies or taking steps toward the erection of a county courthouse pursuant to the provisions of the Public Building Commission Act (Ill. Rev. Stat. 1981, ch. 85, pars. 1031 through 1054) and to declare that the formation of the Public Building Commission was unlawful. The trial court denied plaintiff's request for preliminary injunctive relief and later granted defendants' summary judgment motion dismissing plaintiff's complaint for declaratory judgment and permanent injunction. Plaintiff has brought this interlocutory appeal under Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). The singularly dispositive issue on appeal is whether section 4 of the Public Building Commission Act, which provides that "[n]ot more than one Public Building Commission shall be organized by a single unit of local government," prohibits the *successive* as opposed to concurrent formation of a Public Building Commission by the County Board of De Witt County. (Ill. Rev. Stat. 1981, ch. 85, par. 1034.) We hold that it does not and affirm.

Plaintiff's complaint consisted of two counts, one directed against the De Witt County Board and the other against the De Witt County Public Building Commission. Plaintiff claimed in the complaint that it was a not-for-profit corporation whose members consisted of taxpayers of De Witt County.

Plaintiff alleged in count I that on March 26, 1982, the county board adopted a resolution creating the defendant Public Building Commission (PBC) and that at the time the resolution was passed there was in full force and effect section 4 of the Public Building Commission Act, which provides, in part:

> "Not more than one Public Building Commission shall be organized by a single unit of local government." (Ill. Rev. Stat. 1981, ch. 85, par. 1034.)

Plaintiff's complaint further stated that prior to the adoption of the resolution, the defendant board had created a previous PBC which had been dissolved by resolution, and that the second PBC was unlawful. Plaintiff alleged irreparable injury, an inadequate remedy at law, and prayed for equitable relief. Count II contained essentially the same allegations. In addition to the request of injunctive relief prohibiting action by agents of either party on behalf of the PBC, count I of plaintiff's complaint also requested an injunction to prohibit the De Witt County Board from transferring, *inter alia*, cash grants to the PBC.

As a preliminary matter in this cause, we must first consider the standing of the De Witt County Taxpayers' Association to maintain this action on behalf of the taxpayers of the county.

■ At the time the instant suit was filed, section 11—301 of the Code of Civil Procedure specifically sanctioned suits to restrain expenditures of public monies. Section 11—301 provides:

> "An action to restrain and enjoin the disbursement of public funds by any officer or officers of the State government may be maintained either by the Attorney General or by any citizen *and taxpayer* of the State." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 110, par. 11—301.

This statute comports with the well-established rule at common law which also requires suits to restrain public monies to be brought by a citizen-taxpayer. *Paepcke v. Public Building Com.* (1970), 46 Ill. 2d 330, 263 N.E.2d 11.

Here, the issue thus arises whether plaintiff met the requirement of the statute and of common law that it be a taxpayer. Nowhere in the complaint is allegation made that plaintiff is in the class alleged to be injured by the activities of the defendants nor does plaintiff prosecute this action as a class action on behalf of De Witt County taxpayers. Plaintiff purports only to represent its members who are alleged to be taxpayers.

Despite the fact that plaintiff is not itself a taxpayer, we believe it is entitled to assert the rights of those who are. In *Maiter v. Chicago*

*Board of Education* (1980), 82 Ill. 2d 373, 382, 415 N.E.2d 1034, 1038, the supreme court held that the presence of an organization intervenor in a suit was not improper despite the lack of direct interest of the intervenor since the organization's members were directly affected by the action. There, the court noted, "It has been held that an organization has standing to assert the concerns of its constituents. (*NAACP v. Alabama* (1958), 357 U.S. 449, 2 L. Ed. 2d 1488, 78 S. Ct. 1163.)" 82 Ill. 2d 373, 382. See also *Sierra Club v. Morton* (1972), 405 U.S. 727, 31 L. Ed. 2d 636, 92 S. Ct. 1361; *Wisconsin's Environmental Decade, Inc. v. Public Service Com.* (1975), 69 Wis. 2d 1, 230 N.W.2d 243; *Residents of Beverly Glen, Inc. v. City of Los Angeles* (1973), 34 Cal. App. 3d 117, 109 Cal. Rptr. 724.

Having determined that plaintiff has standing to maintain this action, we next turn to the dispositive issue mentioned above, *i.e.,* whether section 4 of the Public Building Commission Act prohibits the *successive* as opposed to the concurrent creation of a public building commission by a unit of local government.

■ The Public Building Commission Act provides a mechanism by which municipalities, county seats, and county boards may create public building commissions for the purpose of, *inter alia*, repairing, altering, improving or erecting buildings to provide "space for the conduct of the executive, legislative and judicial functions of government, its various branches, departments and agencies thereof and to provide buildings, improvements and other facilities for use by local government in the furnishing of essential governmental, health, safety and welfare services to its citizens." Ill. Rev. Stat. 1981, ch. 85, par. 1044(c).

The gist of plaintiff's position is as follows. Plaintiff argues that the statute is unambiguous and plainly prohibits the successive creation of more than one PBC and, if construed, should be strictly interpreted since it relates to taxation. (See *Svithiod Singing Club v. McKibbin* (1942), 381 Ill. 194, 44 N.E.2d 904.) Plaintiff also urges a strict construction in light of the fact that the Act limits the right of voters to approve the undertaking of public building projects. (See Ill. Rev. Stat. 1981, ch. 34, pars. 306, 409.5, 2171 through 2179.) Under the Public Building Commission Act a municipality may create a PBC which is authorized to issue bonds for public buildings without any necessity of voter approval. Once the building is completed, the PBC may lease the building to the municipality and the municipality is authorized to levy a tax to cover the rental payments. Finally, plaintiff looks to the changes in section 4 since the Act's adoption in 1955 in support of its argument.

Defendants' reply that a liberal construction is required by section 24 of the Act (Ill. Rev. Stat. 1981, ch. 85, par. 1054) and that plaintiff's construction of the statute leads to results neither within the letter nor spirit of the legislative enactment.

■ The overall purpose of all rules of statutory interpretation is to determine the intention of the General Assembly and give effect to that intention. (*General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) If the language is plain and certain there is neither necessity nor reason to resort to rules of construction, but if construction is required, the court should look to the object or purpose to be obtained, the evils to be remedies, and each word and clause should be considered in this process. (*People v. Gibson* (1981), 99 Ill. App. 3d 616, 425 N.E.2d 1197.) Defendants rely upon *People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 242 N.E.2d 267, which states the rule of construction which they urge us to apply. Quoting from *People ex rel. Barrett v. Anderson* (1947), 398 Ill. 480, 76 N.E.2d 773, the court in *Cason* noted:

> " 'In construing a statute the court will not be confined to its literal meaning. A thing within the intention is regarded within the statute although not within the letter. A thing within the letter is not within the statute if it is not within the intention.' " 41 Ill. 2d 305, 314, 242 N.E.2d 267, 272.

■ Here, we cannot agree with the plaintiff's suggestion that the statute is clear in prohibiting the successive organization of more than one PBC. The ambiguity of the statute is plainly apparent because the words "shall be organized" could apply to either the past or present organization of a PBC. We would agree with plaintiff's position if the statute read "shall ever be organized" but absent that language, ambiguity remains. We further disagree with plaintiff's argument that strict construction should apply. The statute at issue relates not to taxation, but to the formation of a Public Building Commission and the legislature has expressly provided that the statute be liberally construed. Ill. Rev. Stat. 1981, ch. 85, par. 1054.

When the Act was passed in 1955, section 4 stated that "[t]here shall not be more than one (1) Public Building Commission in any county." (Ill. Rev. Stat. 1955, ch. 34, par. 259.) In 1965 the statute was amended to provide, in part that "[n]ot more than 1 Public Building Commission shall be organized *** in any municipality *** or in any county seat." (Ill. Rev. Stat. 1965, ch. 34, par. 3304.) Although plaintiff argues this change of language indicates a different meaning was sought by the legislature, nothing indicates an intent by the legislature to prohibit the successive formation of a PBC. The statute was

further amended to its present form in 1978 by the passage of House Bill 2161 (80th General Assembly, H.B. 2161), which provided that counties with certain populations were authorized to create more than one PBC despite the fact that another unit of local government may have already established a PBC. The language at issue here was then added in an amendatory veto by Governor Thompson. The governor's message to the General Assembly clearly shows that the focus of the amendatory veto was to prohibit more than one PBC by a unit of local government at one time. In his letter to the General Assembly explaining the amendatory veto, Thompson stated: "I agree with the legislative intent but am concerned that the language of the bill may lead to the interpretation that a *single municipality or county may have more than one* Commission. In order to clarify this point, I recommend the following specific change: On page 3, add at line 30 and thereafter, the following: 'Not more than one Public Building Commission shall be organized by a single unit of local government'." (Emphasis added.) House Journal, 80th General Assembly, vol. IV, at 6420 (Oct. 24, 1977).

The intent contained in the amendatory veto message indicates that successive creation was not the evil to be remedied by the legislation. As the quotation indicates, the concern was with the formation of more than one PBC by a municipality or county at any one time.

Plaintiff also suggests that section 4(a) was adopted by the legislature to remedy the problem faced here since this provision provides independent statutory authority for the creation of a "limited purpose" PBC. We disagree. With certain exceptions not pertinent here, section 4(a) provides that the provision of section 4 shall apply to the creation of a limited purpose PBC under section 4(a). Should we accept plaintiff's position that successive PBC's are not permissible under the provisions of section 4, neither would they be permissible then under section 4(a) and the legislature would not have resolved the problem by the passage of 4(a). We consider section 4(a), rather, to have been a response by the legislature to a 1980 Attorney General opinion disapproving of the formation of a PBC which was organized to provide for one specific building project. 1980 Ill. Att'y Gen. Op. 142.

In our view, section 4 could not have been drafted to prohibit the successive formation of a PBC, especially in light of the language of section 22.1 which provides for the termination of a PBC but which contains no caveat that a dissolution is permanent and irrevocable. (Ill. Rev. Stat. 1981, ch. 85, par. 1052.1.) The view advocated by the plaintiff would produce results we believe were unintended by the leg-

islature. Under plaintiff's view of section 4 and our view of section 4(a), if a county built a hospital through a PBC in 1980 and the building was destroyed by fire following the dissolution of the PBC in 1990, a PBC could not be organized under either sections 4 or 4(a) to provide for the construction of a new hospital. It is difficult to imagine an act of the legislature having such a narrow and limited purpose. In view of the legislative requirement of section 24 that the Act be liberally construed, we sustain defendant's position.

■ The standards for ruling on a motion for summary judgment are well established. Only if it appears from the matters presented in support of and in opposition to the motion that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law should summary judgment be given. It is a drastic remedy which should be granted only when the right of the movant is clear and free from doubt. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1007; *Kubik v. CNA Financial Corp.* (1981), 96 Ill. App. 3d 715, 422 N.E.2d 1.) Here, we believe the trial court correctly entered summary judgment for defendants.

Accordingly, for the foregoing reasons, the order of the trial court granting defendants' motions for summary judgment is affirmed. In view of the disposition we make, we express no opinion on whether the trial court erred in denying plaintiff's request for a preliminary injunction.

Affirmed.

GREEN and TRAPP, JJ., concur.