THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, *v.* V.I.P. MANOR, INCORPORATED, *et al.*, Defendants-Appellants.

Fifth District   No. 83—81

Opinion filed August 15, 1983.

Weihl and Millard, Ltd., of Belleville (Donald E. Weihl, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roy E. Frazier, Jr., Assistant Attorney General, and Merle C. Bassett, Special Assistant Attorney General, of counsel), for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

V.I.P. Manor, Incorporated (hereinafter referred to as V.I.P.) appeals from a final order of the circuit court of Madison County which vested in the Department of Transportation of the State of Illinois (hereinafter referred to as the Department) title to certain real property pursuant to the Department's motion for immediate vesting of title, filed under section 2.1 of the Eminent Domain Act (Ill. Rev. Stat. 1981, ch. 47, par. 2.1) repealed and codified without change of substance as section 7—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 7—103). The sole issue for review is whether the Department is authorized to acquire private property via the "quick take" provision of section 7—103 where the purpose of condemning the property is to provide a replacement site for the relocation of a municipal firehouse currently located in the right-of-way of a Federal aid route. For the reasons which follow, we hold that the Department is not so authorized.

Testimony adduced at the hearing on the Department's motion revealed that the city of Wood River operates two fire stations. Fire Station No. 1 is located on the northwest corner of Madison Avenue and Wood River Avenue in the city of Wood River. This location is in the path of the right-of-way of Federal Aid Route 789. Construction of the highway will require the removal of the firehouse from its present site. The Department developed plans to relocate the facility on land belonging to V.I.P. The district land acquisition administrator for the Department testified that unless the land owned by V.I.P. is acquired, construction of the replacement fire facility would be impossible. The Wood River fire chief testified that Fire Station No. 1 receives the bulk of fire alarms in the city and that construction of the highway has caused an increase in traffic around the fire station. He expressed concern for the safety hazard created by the increased volume of traffic.

The trial court entered an order vesting in the Department the fee simple title to the property in question. The court also denied V.I.P.'s post-trial motion. V.I.P. now appeals to this court from those orders.

The sole issue presented for review is whether section 7—103 of the Code of Civil Procedure authorizes the Department to acquire "functional replacement" property by the "quick take" procedure. Section 7—103 authorizes quick take proceedings for, *inter alia*, "highway purposes." (Ill. Rev. Stat. 1981, ch. 110, par. 7—103.) The issue presented thus may be resolved by determining whether the acquisition of property as a site for a fire station to replace an existing fire station (scheduled to be destroyed for a highway right-of-way), is a "highway purpose" within the meaning of section 7—103. This appears to be a question of first impression in this State. In making this determination, we are mindful that:

> " '*** The legislature has the power to confer the right of eminent domain, but it is the province of the court to determine whether such grant of power has been made and whether it is exercised within the grant. [Citation.] The construction to be placed by the court upon any law purporting to authorize the taking of private property for public use is one of strict construction.' " (*People ex rel. Director of Finance v. YWCA* (1981), 86 Ill. 2d 219, 232-33, 427 N.E.2d 70, quoting *Department of Public Works & Buildings v. Ryan* (1934), 357 Ill. 150, 154-55, 191 N.E. 259.)

One work has elaborated on this rule of strict construction, stating:

> "[S]tatutes conferring the power must be strictly construed.

Clear legislative authority must be shown to justify the taking. Authority cannot be implied or inferred from vague or doubtful language. When the matter is doubtful, it must be resolved in favor of the property owner." 18 Am. Jur. *Eminent Domain* sec. 26 (1938).

The parties do not dispute the Department's right to condemn the land to facilitate replacement of the firehouse. (See Ill. Rev. Stat. 1981, ch. 121, par. 4—509.) As V.I.P. points out, however, it is not that power which the Department seeks to exercise. The exercise of quick take power is an even more drastic procedure than the usual eminent domain proceedings because of the immediate vesting of title in the sovereign entity. (See *Department of Public Works & Buildings v. Vogt* (1977), 51 Ill. App. 3d 770, 776, 366 N.E.2d 310, *appeal dismissed as moot* (1978), 72 Ill. 2d 287, 381 N.E.2d 241.) Our construction of the phrase "highway purposes" will accordingly be strict.

The Department seeks an immediate vesting of title to V.I.P.'s land in order to facilitate replacement of a municipal firehouse which will be destroyed by highway construction. The record does not indicate that the construction would not proceed in the absence of an available replacement site, or even that the replacement site would facilitate the completion of the highway. Testimony indicated only that a replacement site is necessary for construction of a replacement firehouse. It appears that the replacement is, therefore, merely a solution to the city of Wood River's problem of securing a substitute facility, rather than a complement to some need of the Department. While municipal fire service is certainly an important community service, a strict construction of section 7—103 does not bring this replacement's purpose within the embrace of any highway purpose.

Section 4—509 does not alter this analysis. That section authorizes the Department to acquire land to replace property already devoted to a public use but which is necessary for highway construction. Section 4—509 does not contain an explicit quick take provision, but provides only that "[i]n addition to other powers of the Department *** the Department is authorized to purchase, or to acquire through the exercise of the right of eminent domain ***" property to replace public property needed for highway construction. (Ill. Rev. Stat. 1981, ch. 121, par. 4—509.) This language authorizes in general terms, an eminent domain proceeding, but does not indicate the clear legislative intent necessary to authorize a quick take. We will not infer that intent is the absence of an explicit directive. Our analysis is also unchanged by section 7—112 of the Code of Civil Procedure. This section provides that the quick take right conferred by section 7—103 *et seq.*

"shall be *in addition to* any other right, power, or authority otherwise conferred by law, and shall not be construed as abrogating, limiting or modifying any such other right, power, or authority." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 7—112.) The emphasized language indicates that where the quick take procedure is available, other proceedings are not to be precluded by implication; the language indicates nothing by which we may discern the availability of the quick take procedure itself. Our interpretation of section 7—103 does not violate the rule of construction set forth in section 7—112 as it does not limit the Department's right to proceed under the authority of section 4—509 of the Illinois Highway Code and exercise conventional methods of eminent domain power.

Our review of the law has revealed one case addressing itself to a question similar to the one *sub judice.* In *State v. Bradford* (1961), 242 La. 1095, 141 So. 2d 378, the Louisiana Supreme Court's original opinion, with one justice dissenting, held that a quick take was not authorized, but on rehearing held with three justices dissenting, that the phrase "highway purposes," though broad, was sufficiently clear and explicit and therefore not in need of explication by rules of construction. We find the analysis in the court's original opinion persuasive.

The phrase "highway purposes" is not self-defining and several interpretations are equally plausible. By itself the statute does not indicate at what outer perimeter of circumstances the line separating highway purposes from other purposes is to be drawn. Resort to principles of statutory construction is therefore appropriate. (See *De Witt County Taxpayers' Association v. County Board* (1983), 112 Ill. App. 3d 332, 336, 445 N.E.2d 509.) This conclusion marks our separation from the opinion of the *Bradford* court on rehearing.

■ Justice Summers' original opinion observed that the rationale underlying a grant of quick take power is that it is more economical to plan construction of highways on a statewide basis; judicial review of each of thousands of separate parcels of property would impede construction to a point that would "completely paralyze the Department of Highways." (242 La. 1095, 1112, 141 So. 2d 378, 384.)

> "Within the bounds of engineering considerations and certain practical considerations such as economic feasibility, safety and convenience, a straight line between the points of beginning and ending is the most desirable route for their construction. With this tenet as a basic goal, the highway engineer is limited in his choice of routes, therefore, the lands lying in the path of the proposed highway are those required, not the lands remotely located from that area. Whereas, in his quest for mate-

rials and equipment for the construction of highways, the builder is not limited by this geographical consideration. He is free to seek and obtain these requirements wherever he might find them. Failure to find them in one locality is not fatal to the highway project for they can be obtained elsewhere, just as materials for constructing highways have always been available in the past ***. But in the case of the highway right-of-way, refusal to permit a 'quick taking' may operate to delay the entire project, so related is every portion of a highway to the other, like a link in a chain." (242 La. 1095, 1112-13, 141 So. 2d 378, 384.)

In the instant case, the parcel sought is not located in the right-of-way, but on the contrary is sought because it lies away from the path of construction. Accordingly, we find our interpretation of section 7—103 to be consistent with the underlying rationale of the "quick take" power. Because the property is not in the path of the highway construction, and there is no evidence that construction will not proceed without acquisition of this property, we find that the policy considerations supporting a quick take of a highway right-of-way are absent in a proposed quick take of functional replacement property. Accordingly, we reverse the judgment of the circuit court and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES and KARNS, JJ., concur.