EARL DAVID PRICE, Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF BEARDSTOWN *et al.*, Appellees.

Fourth District No. 4—85—0274

Opinion filed December 20, 1985.

335

TRAPP, J., dissenting.

Thomas F. McGuire, of Long Grove, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Homer T. Tice, of counsel), for appellees.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff, Earl David Price, appeals a circuit court order affirming a decision of the Beardstown Board of Fire and Police Commissioners (board) discharging him from the position of Beardstown police officer. He contends that his discharge represents the impermissible imposition upon him of a second penalty for the same instance of improper conduct and that the board's finding that he committed the improper conduct which formed the basis for the charges against him is contrary to the manifest weight of the evidence.

Because the first issue which Price raises involves consideration of the sequence of procedural steps leading up to Price's discharge, a somewhat detailed recitation of the procedural history of the disciplinary proceedings involving Price is in order. At 7:30 p.m. on April 26, 1984, Price was given an oral notice of a five-day suspension by Beardstown police chief Raymond Taylor and at 11:19 p.m. on the same evening, a written notice of the five-day suspension, signed by Taylor, was served on Price. At approximately 4:30 p.m. on April 27, 1984, a notice of a special meeting of the board was served on Price's wife, and at 9:15 and 9:49 p.m. on the same day, a notice of appeal

from Price's five-day suspension was served upon two members of the board. On an unspecified date, Taylor filed with the board formal charges against Price, a copy of which was served on Price at 6:50 p.m. on April 30, 1984. At that same time, Price served on the board a request to withdraw his notice of appeal from the five-day suspension.

On May 1, 1984, a notice of suspension pending the outcome of the board's hearing on the formal charges filed by Taylor was served on Price. Following the denial on May 15, 1984, of a motion to dismiss the charges against Price, the board on the same date conducted a hearing on the charges, which was resumed on May 21, 1984. At the latter session of the hearing, the board announced its decision to discharge Price from the police force. Upon the circuit court's dismissal of his complaint in administrative review, Price perfected an appeal to this court.

Price contends that the five-day suspension of which he received both oral and written notice on April 26, 1984, was a final disciplinary action and that the board, by virtue of the supreme court's decision in *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168, was thereafter precluded from taking further disciplinary action against him. He further maintains that his withdrawal of the notice of appeal of his five-day suspension divested the board of any jurisdiction that it may have had to take further action against him on the basis of his appeal of the five-day suspension. Finally, he asserts that only the board, and not the police chief, has power to suspend a police officer pending investigation by the board of alleged misconduct on the part of the officer.

■ Our analysis of this issue must begin with a consideration of the relevant statutory provision:

"Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. *** The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay. The board may suspend any officer or member pending the hearing with or without pay, but not to exceed 30 days. If the Board of Fire and Police Commissioners determines that the charges are not

sustained, the officer or member shall be reimbursed for all wages withheld, if any.

\* \* \*

Nothing in this section shall be construed to prevent the chief of the fire department or the chief of the police department from suspending without pay a member of his department for a period of not more than 5 days, but he shall notify the board in writing of such suspension. Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than thirty days or discharge him, depending upon the facts presented." (Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.) We initially note that "[t]he statute is silent as to any power of the chief of police to suspend an officer pending the filing·of charges with the board." (*Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 189, 408 N.E.2d 1187, 1192.) It follows that this provision permits the taking of disciplinary action against an officer in either or both of two ways. First, the chief may, upon written notice to an officer, suspend the officer for up to five days. This penalty may be enhanced by the board to a suspension for up to a total of 35 days or discharge if the officer appeals the suspension to the board. Second, the board may, if an officer is not suspended by the chief, or if no appeal is taken from such a suspension, impose discipline upon the officer consisting of suspension for up to 30 days or discharge if it finds that the evidence sustains charges preferred against the officer.

■ This case differs from *Burton* in that here, unlike in *Burton,* the relevant statutory provision permits the imposition of a penalty by the administrative tribunal responsible for adjudicating charges of employee misconduct in addition to a suspension of limited duration which may be imposed by the employee's supervisor. Supporting this conclusion is the statement in the statute that "[n]othing in this section shall be construed to prevent" a suspension of not more than five days by the department chief. Under the interpretation of the statute for which Price contends, a suspension of not more than five days would for practical purposes be precluded by a police or fire department's desire to file with the board charges against an officer during or subsequent to a five-day suspension imposed by the chief relating to the same conduct as that which was the basis for suspension by the

chief. Such an interpretation of this provision would violate the fundamental rule of statutory construction that clear statutory language should be given effect without resort to other aids in construction. (*People v. Robinson* (1982), 89 Ill. 2d 469, 433 N.E.2d 674; *DeWitt County Taxpayers' Association v. County Board* (1983), 112 Ill. App. 3d 332, 445 N.E.2d 509.) Moreover, Price's interpretation of the statute would have the practical effect of rendering the language providing for suspensions by the chief of not more than five days a dead letter, since it is highly doubtful that chiefs would make use of their power to impose short suspensions under this provision while knowing that such action would foreclose all further disciplinary action with respect to the same conduct. Therefore, interpretation of the statute in accordance with Price's views would also run afoul of the principle that statutes should be construed so as to render no word or clause thereof meaningless or superfluous. *Pioneer Processing, Inc. v. Environmental Protection Agency* (1982), 111 Ill. App. 3d 414, 444 N.E.2d 211.

 In view of our conclusion as to the meaning of the relevant statute, Price's remaining allegations of error are of little significance. Contrary to Price's contention, the evidence that a special meeting of the board had been scheduled prior to the time that Price's notice of appeal was served on the board members supports the conclusion that the hearing was primarily intended as a forum for considering the charges of misconduct on the part of Price alleged in Taylor's complaint which was to be filed with the board rather than as a forum for considering the imposition upon Price of additional discipline as a result of the filing of his notice of appeal from the five-day suspension. Thus, Price's withdrawal of his notice of appeal was of no relevance to the board's authority to consider the charges which Taylor filed against him. Furthermore, although the evidence supports the view that the initial five-day suspension of Price may have been imposed by Taylor with the intention that it constitute an initial period of suspension pending action by the board on the charges which Taylor filed against Price, the use of the chief's power to suspend with that type of subjective intent is not impermissible under our view of the statute. Finally, we note parenthetically that our interpretation of the statute does not have the effect of placing persons such as Price in double jeopardy, since the prohibition against double jeopardy is applicable only to criminal proceedings, and public employee disciplinary proceedings are civil in nature. See *Bart v. Department of Law Enforcement* (1977), 52 Ill. App. 3d 487, 367 N.E.2d 773.

 We next consider Price's contention that the board's finding

that he committed the acts of misconduct charged in the complaint which Taylor filed with the board is contrary to the manifest weight of the evidence. The charges essentially state that on April 26, 1984, Price committed an assault and battery and an aggravated battery on Chief Taylor by striking him at the Beardstown city hall.

We deem Taylor's contention that the evidence is insufficient to support the board's finding to be so lacking in merit that a detailed statement of all of the evidence introduced at the May 15, 1984, hearing is unnecessary. Suffice it to say that there was unimpeached testimony on the part of four witnesses that Price initiated the altercation without significant provocation on the part of Taylor by striking Taylor in the face. Officer Jack Hageman did testify on Price's behalf that Taylor told him after the meeting at which the altercation occurred, that Price approached him during the meeting shaking his finger and yelling and that he (Taylor) then stood and grabbed Price's fingers immediately before Price struck him. This testimony is, however, contradicted by that of Velma Ashcraft, which may fairly be read as a statement that she had Taylor's hands in full view prior to the altercation and that Price, rather than Taylor, first initiated bodily contact between the two men by striking Taylor in the face. Moreover, Price's own testimony supports the conclusion that Taylor's purported grabbing of his fingers, if it occurred, was not an important factor in precipitating his striking Taylor, for in his initial narrative version of events on the evening in question, Price did not mention that Taylor grabbed his fingers before he struck Taylor. It is elemental that where, as here, there is conflicting testimony, the administrative tribunal's evaluation of the witness' credibility is not to be disturbed on review. *E.g., DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 202 N.E.2d 522; *Zinser v. Board of Fire & Police Commissioners* (1961), 28 Ill. App. 2d 435, 172 N.E.2d 33.

Neither of the two cases cited in support of Price's argument that the evidence is insufficient to sustain the charges against him supports that contention. None of the findings of misconduct at issue in *Smith v. O'Keefe* (1973), 9 Ill. App. 3d 814, 293 N.E.2d 142, which the appellate court held were contrary to the manifest weight of the evidence, were supported by the type of credible and unimpeached testimony present in the case at bar. In *People v. Brumbeloe* (1968), 97 Ill. App. 2d 370, 240 N.E.2d 150, the defendant's conviction of voluntary manslaughter on the accountability theory was reversed on the ground that he committed no conduct with the intention that the principal commit voluntary manslaughter, since his actions leading up and during the affray which resulted in the decedent's death were precipi-

tated by the decedent's assaults upon and threats to the defendant of which there was uncontradicted evidence. In the present case, by contrast, the evidence as to provocation is at best conflicting.

In sum, the board's actions did not constitute the impermissible imposition upon Price of an enhanced or second punishment, and its factual findings are not contrary to the manifest weight of the evidence. We therefore affirm the circuit court's order dismissing Price's complaint in administrative review.

Affirmed.

MORTHLAND, J., concurs.

JUSTICE TRAPP, dissenting:

I must conclude that this case is controlled by *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 394 N.E.2d 1168, and that this decision must abide the rationale of that opinion.

The gist of *Burton* is that the statutory power to suspend a public employee as a form of discipline and the power to suspend pending a hearing upon charges are distinct actions which are not compatible or interchangeable. Upon such thesis, it was determined that a "suspension" framed as a disciplinary action cannot later be modified or enhanced even though the form and substance of the "suspension" was framed by error, mistake on the part of the administrative officer, or inadvertence unless there is express statutory authority to do so. The *Burton* opinion concluded that a suspension for 10 days for a serious violation of the employee's duty was plainly drafted in error arising from the failure of the administrative officer to understand the terms of the statute and the applicable rules but that nevertheless further disciplinary sanctions upon subsequent charges could not stand.

*Burton* found three provisions for the "suspension" of an employee. Two provisions authorized suspension in different aspects for a period of 30 days and these were determined to represent final determinations of disciplinary matters. The remaining form of suspension was an interim suspension pending hearing upon charges filed. The court examined a series of written notices served by the administrative officer and concluded:

"A suspension pending decision on discharge may be levied for up to 30 days. Its purpose is to expedite the immediate, but interim, removal of an employee pending a final decision on discharge. The other two forms of suspensions, on the other hand, represent final determinations in a disciplinary matter. The

three are distinct disciplinary actions which are not interchangeable. Final disciplinary actions, like other administrative decisions, may be reconsidered, modified or altered only if authorized by statute. [Citations.] The legislature has conferred no such power upon the Department. [Citations.] Consequently, the Department may not convert what is, in all aspects, a final suspension of less than 30 days into an interim suspension pending decision on discharge as a means of enhancing punishment for the same misconduct." *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 526-27, 394 N.E.2d 1168, 1170.

In testimony at the hearing upon charges, the chief of police undertook to testify that the verbal order of suspension was intended to be a suspension pending a hearing upon charges. So far as the record discloses, nothing said suggests that intent, and under the rationale of *Burton,* an unstated intent or belief of the administrative officer is not a basis for modifying a final, disciplinary determination. Moreover, several hours after the verbal order, the chief of police procured the drafting and service of a letter form of notice which, in relevant part, stated:

"This is to notify you that in accordance with the powers granted to me under the Illinois Revised Statutes and the rules of the Board of Fire and Police Commissioners of the City of Beardstown, Illinois, I am hereby suspending you for the period of five (5) days.

Such suspension is based on your conduct in that on the 26 day [*sic*] of April, 1984, at 7:15 PM at ***."

The letter notice included advice concerning the time and manner in which plaintiff might appeal the order and included the plaintiff's receipt showing date and time.

One can find no suggestion in such notice that the suspension was intended to be an emergency or interim suspension pending a hearing on charges.

In *Green v. Board of Fire & Police Commissioners* (1980), 87 Ill. App. 3d 183, 408 N.E.2d 1187, the written notice of an "emergency suspension" for a period of five days included a statement that during that period, the chief of police intended to file written charges seeking discharge of the officer. The reviewing court concluded that the advice concerning the filing of charges clearly demonstrated that the suspension was not to be treated as a final determination. We do not have the benefit of that conclusion in this case. To read such an intent into the notice drafted several hours after the event charged, is, in the language of *Burton,* to "convert *** a final suspension *** into

an interim suspension pending decision on discharge as a means of enhancing punishment for the same misconduct." *Burton v. Civil Service Com.* (1979), 76 Ill. 2d 522, 527, 394 N.E.2d 1168.

The majority opinion undertakes to distinguish the facts of this case from the rule of *Burton* by noting the statutory language relating to suspension by the chief of police for not less than five days:

"Any policeman or fireman so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than thirty days or discharge him, depending upon the facts presented." Ill. Rev. Stat. 1983, ch. 24, par. 10—2.1—17.

The enhancement of the sanction stated in that language seems clearly and plainly restricted to a proceeding upon an appeal by the employee to the board of the order of the chief which imposed a five-day suspension. It is not contended that this proceeding was heard as such an appeal.

I believe that the precedent established by the supreme court requires that the order of the trial court dismissing the proceeding must be reversed.